NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-0340-15T3

ELLEN E. NEVINS,

 Plaintiff-Appellant,

v.

GEOFFREY JOHNSON, WILLIAM J.
CONWAY,1 JOHNSON & CONWAY, L.L.C.,
JACK L. SEELIG and
SEELIG & RENDOR, L.L.P.

 Defendants-Respondents.
___________________________________

 Submitted December 6, 2016 – Decided April 28, 2017

 Before Judges Reisner and Sumners.

 On appeal from Superior Court of New Jersey,
 Law Division, Somerset County, Docket No. L-
 1668-13.

 Piekarsky & Associates, attorneys for
 appellant (Scott B. Piekarsky and Mark J.
 Heftler, on the brief).

 Margolis Edelstein, attorneys for respondents
 Geoffrey Johnson, William J. Conway, and
 Johnson & Conway, L.L.C. (Paul A. Carbon, of
 counsel; Mr. Carbon and Jonathan P. Holtz, on
 the brief).

1 Improperly pleaded as Mickey Conway.
 Rottkamp & Flacks, attorneys for respondents
 Jack L. Seelig, and Seelig & Rednor, L.L.P.
 (Franklin L. Flacks, on the brief).

PER CURIAM

 In this legal malpractice matter, plaintiff Ellen E. Nevins

appeals from August 11, 2015 orders dismissing her complaint with

prejudice. For the reasons that follow, we affirm.

 We briefly set out the procedural history and facts to the

extent necessary to provide context to our decision. In 2004,

plaintiff reached a settlement agreement in a lawsuit against Toll

Brothers, Inc., the builder of her custom built home. However,

when a dispute arose over the settlement terms in 2007, she sought

to enforce the agreement. During the continued litigation, her

attorneys, Geoffrey Johnson, William J. Conway, and Johnson &

Conway, L.L.C. (collectively Johnson) resigned, after which she

retained Jack L. Seelig, and Seelig and Rednor, L.L.P.

(collectively Seelig).

 On April 29, 2009, the trial court vacated the settlement

agreement, and reinstated the lawsuit. After the court

subsequently dismissed plaintiff's claims based on its

determination that her expert supplied a "net opinion," plaintiff

appealed, and we reversed and remanded the matter for trial.

Nevins v. Toll Bros., Inc., No. A-0946-10 (App. Div. July 5, 2011),

 2 A-0340-15T3
certif. denied, 208 N.J. 371 (2011). Following remand, the court

conducted a N.J.R.E. 104 hearing, and upon barring plaintiff's

expert from testifying outside the scope of his report, entered

an order dismissing the complaint for a second time on November

30, 2011. Plaintiff appealed pro se, and we affirmed that order.

Nevins v. Toll Bros. Inc., No. A-2344-11 (App. Div. July 11, 2014).

 While the second appeal was pending, plaintiff brought this

malpractice action pro se against defendants Seelig and Johnson

alleging breach of contract, breach of fiduciary duty, and

negligence. Plaintiff later retained an attorney, who was

eventually relieved through motion, and she subsequently retained

Edward Ruane to represent her.

 During a contentious discovery period, several motions were

filed. On March 6, and April 24, 2015, the motion judge granted

defendants' respective motions to dismiss without prejudice for

failure to provide discovery. Plaintiff did not oppose either

motion. On June 1, after plaintiff represented that defendants

were provided outstanding discovery, the judge granted plaintiff's

request to extend discovery for sixty days, until July 7, and

denied Johnson's motion to dismiss with prejudice, but granted

Johnson attorney fees associated with the motion.

 On June 25, Seelig moved pursuant to Rule 4:23-5(a)(2) to

dismiss plaintiff's complaint with prejudice for failure to

 3 A-0340-15T3
provide discovery. Ruane subsequently filed a motion on behalf

of plaintiff for a further extension of discovery in order to

provide an expert's report. Two days later, plaintiff filed a pro

se motion to extend discovery ninety days so that she could retain

new counsel to replace Ruane. Johnson then moved to dismiss the

complaint with prejudice for failure to provide discovery pursuant

to Rule 4:23-5(a)(2), for failure to produce an expert's report

pursuant to Rule 4:6-2(e), and also sought to enforce litigant's

rights, seeking costs and fees. Seelig also made an application

to dismiss plaintiff's complaint for failure to provide an expert's

report pursuant to Rule 4:6-2(e), by adopting the arguments raised

by Johnson. In turn, plaintiff moved to vacate the dismissal

without prejudice orders issued on March 6, and April 24. At

argument on all of the pending motions, plaintiff contended that

her untimely responses to discovery were due to her issues with

Ruane, and medical issues affecting her health.

 On August 11, the motion judge issued separate orders and a

joint written decision granting defendants' motions to dismiss

plaintiff's complaint with prejudice and denying plaintiff's

motions to: reinstate her compliant, vacate the attorney fees

award to Johnson, and extend discovery.

 In his decision, the judge characterized his ruling as

involving dismissal of the complaint on procedural grounds under

 4 A-0340-15T3
Rule 4:23-5, due to failure to provide discovery issues, and on

substantive grounds under Rule 4:6-2(e), due to failure to produce

an expert's report. The judge upheld the attorney fees award

because plaintiff was not "sufficiently diligent in pursuing her

claims, forcing [Johnson] to accumulate fees[.]"

 In denying plaintiff's motion to extend discovery, the judge

noted that his earlier discovery extension to July 7 was due to

plaintiff's misrepresentations that she had provided fully

responsive discovery to defendants. The judge rejected

plaintiff's claim that Ruane was the cause of her discovery

delinquency. He explained,

 In this case, (1) [p]laintiff has indicated
 that [] Ruane's alleged negligence prejudiced
 her cause of action, but [p]laintiff's
 consistent failure to engage in discovery
 predates [] Ruane's involvement in this
 matter; (2) [p]laintiff has not been diligent
 in pursuing discovery and [p]laintiff did not
 use the last extension of discovery to obtain
 and provide outstanding discovery, despite
 clear language from this [c]ourt to do so; (3)
 [t]his is a double attorney malpractice claim
 . . . and during its 14 year pendency, one of
 the attorneys at issue passed away . . . (4)
 [p]laintiff would be seriously prejudiced if
 the request for an extension of discovery were
 denied because [p]laintiff is asserting
 attorney malpractice claims which require an
 expert opinion, and [p]laintiff has yet to
 prepare a report to substantiate her prima
 facie case; (5) . . . [p]laintiff's motion
 violates Best Practices . . . (6) [t]his
 matter . . . has been assigned a trial date
 of September 28, 2015; (7) [e]ssentially all

 5 A-0340-15T3
 discovery remains to be completed; (8)
 [s]evere prejudice would inure to [d]efendants
 if this matter were extended further; and (9)
 [p]laintiff's [c]omplaint is currently
 dismissed, yet [p]laintiff has failed to pay
 the requisite fees, as of the time of
 [d]efendant's responsive filings, and
 [p]laintiff has still not provided fully-
 responsive discovery.

In sum, the judge found that plaintiff did not demonstrate good

cause or exceptional circumstances to warrant an extension of

discovery.

 Finally, the motion judge stated that he granted defendants'

motions to dismiss with prejudice because plaintiff failed to

retain an expert as evidenced by e-mails that she did not pay the

proposed expert fees and did not provide an expert's report. The

judge also reasoned that, without an expert's report setting forth

the standard of care violated by defendants, pursuant to Rule 4:6-

2(e) plaintiff failed to allege facts to support her legal

malpractice claims against defendants.

 Before us, plaintiff contends that her due process rights

were violated because her complaint was dismissed with prejudice

pursuant to Rule 4:6-2(e), although defendants moved for dismissal

pursuant to Rule 4:23-5. She further contends that she should not

be punished by dismissal of her case, for failures attributable

to Ruane. She argues that Ruane failed to obtain an expert's

report, failed to respond to the discovery requests, and failed

 6 A-0340-15T3
to notify her that the trial court granted defendants' motions to

dismiss without prejudice. We are unpersuaded.

 We review the motion judge's orders regarding sanctions for

discovery violations under an abuse of discretion standard.

Pomerantz Paper Corp. v. New Cmty. Corp., 207 N.J. 344, 371 (2011).

From our review of the record, we are convinced there was no abuse

of discretion, and therefore affirm substantially for the reasons

expressed by the motion judge in his written decision. We conclude

that plaintiff's arguments are without sufficient merit to warrant

further discussion. R. 2:11-3(e)(1)(E). We add only the following

comments.

 Initially, the motion judge dismissed plaintiff's complaint

without prejudice under Rule 4:23-5(a)(1) for failure to provide

discovery. When defendants later filed motions to dismiss with

prejudice, the judge properly dismissed the complaint on the merits

under Rule 4:23-5(a)(2) for her continued failure to provide

discovery, including an expert's report, and her failure to move

to reinstate her complaint. Consequently, it was unnecessary for

the judge to dismiss the complaint under Rule 4:6-2(e) because

plaintiff did not have an expert's report.

 Furthermore, in deciding the Rule 4:6-2(e) motion to dismiss,

the judge considered matters outside the pleadings – plaintiff's

history of failing to provide discovery responses and lack of an

 7 A-0340-15T3
expert's report - that automatically converted the application to

a summary judgment motion. R. 4:6-2(e). Nevertheless, dismissal

of the complaint through summary judgment was proper as plaintiff

failed to establish the standard of care violated by defendants.

In Garcia v. Kozlov, Seaton, Romanini & Brooks, P.C., 179 N.J.

343, 362 (2004), our Supreme Court recognized that a plaintiff

needs to produce an expert to testify to a lawyer's deviation from

the appropriate standard "in nearly all malpractice cases." We

do not view this case as one of the rare exceptions.

 Affirmed.

 8 A-0340-15T3